## * * § 362 INFORMATION SHEET * *

Harold & Christine Ornellas          10-13876 - LBR
DEBTORS                                Case No:                    MOTION #:

JPMorgan Chase Bank          CHAPTER:   7
MOVANT

### *Certification of Attempt to Resolve the Matter Without Court Action:*

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

Date: _____          Signature: _____
                                         Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: 7804 Scammons Bay Ct., Las Vegas, NV 89129

NOTICE SERVED ON:  Debtors    X   ; Debtors' Counsel    X   ; Trustee    X   ;

DATE OF SERVICE: March 17, 2010

| MOVING PARTY'S CONTENTIONS: | DEBTORS' CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  $228,000.00 | 1st |
| 2nd  $62,328.18 | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: Cost of Sale $7,120.00 | Other: |
| Total Encumbrances: $297,448.18 | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| $89,000.00 per Debtors' Schedules | |

| TERMS of MOVANT'S CONTRACT with the DEBTORS | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: $57,000.00 | . |
| Interest Rate:  9.700% | |
| Duration: 30 years | |
| Payment per Month:  $487.63 | . |
| Date of Default: April 1, 2009 | . |
| Amount in Arrears: $6,144.12 | . |
| Date of Notice of Default: N/A | SPECIAL CIRCUMSTANCES: |
| SPECIAL CIRCUMSTANCES: | |
| SUBMITTED BY:  Cindy Lee Stock | SUBMITTED BY: |
| SIGNATURE: /s/ *Cindy Lee Stock* | SIGNATURE: |

CINDY LEE STOCK  
Nevada Bar No. 803  
915 East Bonneville Avenue  
Las Vegas, Nevada 89101  
(702)382-1399 Phone  
(702)382-0925 Fax  
bk-clstock@cox.net E-Mail  

E-FILED MARCH 17, 2010

In Association With:  
MALCOLM ♦ CISNEROS, A Law Corporation  
2112 Business Center Drive  
Second Floor  
Irvine, California 92612  

Attorneys for JP MORGAN CHASE BANK, NATIONAL ASSOC.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HAROLD K. ORNELLAS and<br>CHRISTINE M. ORNELLAS,<br><br>Debtors. | Chapter 7<br><br>CASE NO. S-10-13876-LBR<br><br>Hearing Date:   April 19, 2010<br>Hearing Time:   10:30 a.m.<br><br>Location:   Foley Federal Building<br>Courtroom No.1 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Movant, JP MORGAN CHASE BANK, NATIONAL ASSOC., and its successors and/or assigns ("JP MORGAN"), by and through Cindy Lee Stock, its attorney, hereby moves this Court pursuant to 11 U.S.C. § 362, for its Order Terminating Automatic Stay as it applies to certain real property located in Clark County, Nevada.

This Motion is based upon the attached Memorandum of Points and Authorities, and the 362 Information Sheet, as well as upon the documents filed in support of the Motion.

DATED this 17th day of March, 2010.

Respectfully Submitted,

/s/ *Cindy Lee Stock*  
CINDY LEE STOCK  
Nevada Bar No. 803  
915 East Bonneville Avenue  
Las Vegas, Nevada  89101  
Attorney for Secured Creditor,  
JP MORGAN CHASE BANK, NATIONAL ASSOC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

JP MORGAN CHASE BANK, NATIONAL ASSOC., and its successor and/or assigns ("JP MORGAN"/"Movant") requests the Court to grant it relief from the automatic stay because there is little or no equity in the Property for the benefit of the Debtors or the estate and because the Debtors have indicated in their Chapter 7 Individual Debtor's Statement of Intent they are surrendering the property.

## II. STATEMENT OF FACTS

1.  **The Secured Debt**. The Debtors are the Trustors under a Note secured by a Deed of Trust against the real property commonly known as 7804 Scammons Bay Ct., Las Vegas, NV 89129 (the "Property"). The Debtors acknowledge the secured debt in their Schedules. True and correct copies of the Debtors' Schedules "A" and "D" are attached hereto as Exhibit "1."

2.  **The Default Under The Note**. JP MORGAN's Note and Deed of Trust are contractually due for the April 1, 2009 payment. As a result of the default, JP MORGAN desires to record a Notice of Default against the Property. The total delinquency under the Note is set forth in detail on Exhibit "2" to the Motion.

3.  **The Debtors' Interest In The Property**. The Debtors are the owners of record of the Property.

4.  **The Filing Of The Instant Case.** On or about March 10, 2010, Harold K. Ornellas and Christine M. Ornellas filed a Chapter 7 Petition as Case No. S-10-13876-LBR.

5.  **The Total Indebtedness Under The Note**. The total indebtedness owed to JP MORGAN under the Note, exclusive of attorney fees, other miscellaneous costs and interest that continues to accrue is as follows:

| | | |
|---|---|---:|
| Principal Balance | $ | 56,057.29 |
| Interest as of March 2010 | $ | 5,631.23 |
| Total Fees | $ | 72.49 |
| Late Charges | $ | 341.32 |
| Recoverable Balance | $ | 225.85 |
| **TOTAL** | $ | 62,328.18 |

6. **The Total Liens On The Property**. The Property is encumbered by the following liens:

| SECURED CREDITOR | APPROXIMATE LIEN AMOUNT |
|---|---|
| 1. LITTON LOAN SERVICING<br>First Deed of Trust | $ 228,000.00 |
| 2. JP MORGAN CHASE<br>Second Deed of Trust | $ 62,328.18 |
| **Total Approximate Lien Amount** | $ 290,328.18 |

7. **The Value Of The Property**. The amount owing and recorded against the Property (excluding costs of sale) is at least the sum of $290,328.18. By the Debtors' own admission, the Property has a fair market value of $89,000.00. Accordingly, the Property has little or no equity for the benefit of the Debtors or the estate. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "1."

### III. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THE PROPERTY HAS LITTLE OR NO EQUITY.

The evidence demonstrates that there is little or no equity in the property. By the Debtors' own admission, the Property has a fair market value of $89,000.00 while the total indebtedness on the Property (excluding costs of sale) is $290,328.18. Based on the foregoing, the stay should be terminated immediately. JP MORGAN has satisfied its burden under Section 362(d)(2)

### IV. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, JP MORGAN requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $89,000.00. *See:* Exhibit "1."

2. The Debtors intend to surrender the Property. *See*: Exhibit "3."

3. The Debtors contend that there is a first lien on the Property. *See*: Exhibit "1."

\*\*\*\*\*\*

\*\*\*\*\*\*

## V.  CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by JP MORGAN, including a waiver of the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3).  A proposed Order is attached hereto as Exhibit "4."

DATED this 17th day of March, 2010.


Respectfully Submitted,

/s/ *Cindy Lee Stock*
CINDY LEE STOCK
Nevada Bar No. 803
915 East Bonneville Avenue
Las Vegas, Nevada   89101
Attorney for Secured Creditor,
JP MORGAN CHASE BANK, NATIONAL ASSOC.

4